PER CURIAM.
Kenneth Roy Johnson, who is represented by an attorney, appeals from an order of the Monroe Circuit Court (“the trial court”) denying his purported “motion to alter, amend, or vacate.” Johnson initially appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Johnson’s appellate brief fails to comply with the requirements of Rule 28, Ala. R. App. P. The only issue raised on appeal is whether the trial court “had jurisdiction.” Johnson fails to state anywhere in his brief the type of case that is involved in this appeal, the procedural history of the case, any facts from the case, or any other information that would be relevant to this court’s determination of the issue presented. The summary of the argument, in its entirety, reads: “The Circuit Court was the original Court of jurisdiction, therefore, as a matter of law, retains jurisdiction in the enforcement and interpretation of all previous Orders.” The argument portion of Johnson’s brief, in its entirety, reads “THE CIRCUIT COURT HAS JURISDICTION!;.]” In fact, the statement of the case, the statement of the issue, the statement of the facts, the statement of the standard of review, the summary of the argument, the argument, the conclusion, and the attorney's signature take up only two pages of Johnson’s brief.
There is nothing in Johnson’s brief that enables this court to determine whether the trial court properly denied Johnson’s purported postjudgment motion. “Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.” White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008). Because of Johnson’s utter failure to comply with Rule 28, Ala. R. App. P., his argument is waived and the order denying his purported postjudgment motion is due to be affirmed.
Pursuant to Rule 38, Ala. R. App. P., this court, ex mero motu, may determine that an appeal is frivolous and “award just damages and single or double costs to the appellee.” We have seldom, if ever, seen an appellate brief—especially one prepared by an attorney—that so completely failed to comply with the requirements of Rule 28, Ala. R. App. P. Furthermore, the issue raised in Johnson’s brief is clearly contrary to well-settled, black-letter law. Upon a review of the record, we have determined that Johnson is actually appealing from the trial court’s order denying a “motion to amend and clarify settlement.” That motion was fled nearly six years after the entry of the judgment dismissing the underlying action with prejudice, pursuant to a joint stipulation of dismissal. Clearly, the trial court correctly determined that it no longer had jurisdiction to consider the motion. See Rules 59 and 60, Ala. R. Civ. P. Accordingly, we conclude that Johnson’s appeal is frivolous and that the appellee, Vicki Marie Ives, is entitled to recover damages pursuant to Rule 38, Ala. R. App. P. Thus, Ives is *605 awarded $1,500. The cost is to be paid by Johnson’s attorney, Leston C. Stallworth, Jr., and is not to be charged to his client, Johnson.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, Moore, and Donaldson, JJ., concur.